UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY ANTOINE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-749** |
| **SEADRILL AMERICAS, INC.** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Strike** (Rec. Doc. 15) filed by defendant, Seadrill Americas, Inc. ("Seadrill") is **DENIED**.

### BACKGROUND

This diversity personal injury case stems from injuries plaintiff allegedly suffered when, while working for a third-party in defendant Seadrill's yard in Houma, Louisiana, plaintiff was struck by pipes that fell off of a forklift being operated by an individual for whom he alleges Seadrill is vicariously liable.

Under the scheduling order in force in this case, expert reports were due to be provided to opposing counsel by July 6, 2022. Plaintiff's counsel in this case did not provide the reports until nine days later, on July 15, 2022. According to plaintiff's counsel, he was acting under the impression that in a telephone conversation between counsel in the week prior to the deadline, the parties had agreed to an in informal 30-day extension. However, when he attempted to confirm the extension in a July 5, 2022 email, defendant's counsel informed him he did not recall the conversation or agree to an extension. The next day (the deadline for disclosure and provision of reports), plaintiff's counsel disclosed the names of three experts, Dr. Randolph Rice,

Ph.D., Glenn Hebert, a vocational rehabilitation expert, and one treating physician, Dr. G. Gregory Gidman. Their reports followed nine days later.

Counsel for Seadrill has filed the instant motion seeking to strike the experts' reports and testimony as untimely, arguing that their late production has caused it prejudice by giving it less time to prepare its case and rebuttal expert reports. Plaintiff opposes the motion, contending that the brief delay was the result of a genuine misunderstanding, no substantial prejudice to defendant resulted, and the failure to timely provide the reports was substantially justified and otherwise harmless.

## DISCUSSION

To determine whether a violation of Rule 26 is harmless under Rule 37(c), the court considers: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and, (4) the explanation for the party's failure to disclose. Tex. A & M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003).

Plaintiff has asserted a claim for damages, including past and future wage loss. Accordingly, the testimony of his economist, his doctor's testimony regarding restrictions on his ability to work, and his vocational rehabilitation expert is important. With respect to prejudice, the court finds that a nine-day delay does not work a substantial prejudice on defendant. First, the identity of the expert witnesses was timely disclosed, and the reports followed a mere nine days later. Second, in his December 8, 2021 response to defendant's Request for Production, seven months prior to the deadline, defendant was informed that Dr. Randy Rice and a

vocational rehabilitation expert may be called. As of that same date, defendant had knowledge of plaintiff's treating physicians, including Dr. Gidman. Considering the length of time defendant was aware of plaintiff's experts, and the brevity of the delay in providing their reports, the court finds that any prejudice is insubstantial, and does not require a continuance. In addition, the court observes that the late production was the result of a genuine misunderstanding. The court will not strike plaintiff's experts as untimely.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the **Motion to Strike** (Rec. Doc. 15) filed by defendant, Seadrill Americas, Inc. is **DENIED**.

New Orleans, Louisiana, this   6th   day of September, 2022.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**