UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HENRY ANTOINE                                 CIVIL ACTION

VERSUS                                        NO: 21-749

SEADRILL AMERICAS, INC.                       SECTION: "S" (4)

## ORDER AND REASONS

Before the court is the **Motion for Summary Judgment** (Rec. Doc. 19) filed by

defendant, Seadrill Americas, Inc. ("Seadrill"). Plaintiff opposes the motion, and alternatively

seeks relief under Federal Rule of Civil Procedure 56(d), allowing it to conduct further

discovery, specifically, the deposition of Seadrill employee Lynn Usie.

At issue in the summary judgment is whether or not Seadrill exerted operational control

over its contractor, E&E Machine Shop, and whether Seadrill has a valid independent contractor

defense to plaintiff's claims. The record reflects that on the date of plaintiff's accident, Seadrill

employee Lynn Usie was the person in charge of the jobsite (Rec. Doc. 27-6), and post-accident

he was reported as the supervisor of the job on the date of the accident (Rec. Doc. 27-7).

Nonetheless, in Seadrill's June 23, 2022 responses to plaintiff's interrogatories, he was not named

in a request for any person interviewed by anyone acting on defendant's behalf, who provided a

written or oral statement, or for any person having any knowledge of any facts pertaining to the

cause of this accident (whether or not they actually saw it). Usie's identity was not disclosed to

plaintiff until his undated and conclusory affidavit was submitted in support of the instant motion

for summary judgment. Seadrill has declined to make Usie available for deposition by plaintiff.

Federal Rule of Civil Procedure 56(d) provides that:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Plaintiff's counsel has provided the requisite declaration, and the court finds that further discovery, specifically, the deposition of Lynn Usie, is required for plaintiff to present facts essential to justify his opposition. Accordingly,

**IT IS HEREBY ORDERED** that Seadrill's **Motion for Summary Judgment** (Rec. Doc. 19) is **DENIED as premature**;

**IT IS FURTHER ORDERED** that Seadrill shall make Lynn Usie available for deposition within **two weeks** of entry of this order;

**IT IS FURTHER ORDERED** that any renewed motion for summary judgment shall be filed in time to be heard on or before **October 19, 2022**.

New Orleans, Louisiana, this _____9th_____ day of September, 2022.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE